United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                         Case No. 2:25-mj-30700

v.

Ramiro Echagaray-Olascagua,

        Defendant.

_____/

## Stipulation and Order Extending the Time in which an Indictment Must be Returned and Finding Excludable Delay

The United States of America and Ramiro Echagaray-Olascagua, by and through their respective counsel, stipulate and agree that there is good cause to adjourn the preliminary examination in this case, currently scheduled for Monday, January 5, 2026, for approximately one month, until Thursday, February 5, 2026. *See* Fed. R. Crim. P. 5.1(d). The parties are negotiating a pre-indictment resolution of the case.

The parties further stipulate and agree that the complaint filed November 17, 2025, shall remain in full force and effect through the new date of February 5, 2026. Moreover, the order of pretrial detention entered November 20, 2025, shall likewise remain in full force and effect.

The parties also stipulate and agree that, for the foregoing reasons, they request that the Court find good cause to exclude the time from the date of entry of this order through February 5, 2026, from the time in which the government must file an indictment under the Speedy Trial Act.

Such a continuance would allow the parties to pursue an expeditious and fair resolution of the government's prosecution of defendant. It would also likely result in the conservation of judicial and prosecutorial resources by eliminating the need for a preliminary hearing and in the conservation of grand-jury and prosecutorial resources by eliminating the need for defendant to be prosecuted by way of a grand-jury indictment. And it would also likely result in the conservation of judicial and prosecutorial resources by eliminating the need for a trial.

Therefore, "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial[.]" 18 U.S.C. § 3161(h)(7)(A), and the parties request an order to that end.

**IT IS SO STIPULATED**.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

/s/ Louis F. Meizlish
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
louis.meizlish@usdoj.gov
313-226-9745

/s/ Mitchell T. Foster
Attorney for Defendant
PO Box 798
Milford, MI 48381-0798
mitch@mitchfosterlaw.com
248-684-8400

Dated:     December 30, 2025

United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                          Case No. 2:25-mj-30700

v.

Ramiro Echagaray-Olascagua,

        Defendant.

_____/

## Order Extending the Time in which an Indictment Must be Returned and Finding Excludable Delay

This matter having come before the Court upon the stipulation of the parties, and the Court having reviewed the stipulation and the basis upon which the parties have requested an extension of time, the Court orders as follows:

This matter is adjourned from January 5, 2026, and will be rescheduled for February 5, 2026, at 1 p.m., for preliminary examination.

For the reasons described in the parties' submission, and after considering the factors listed in 18 U.S.C. § 3161(h)(7)(A), the Court

finds that the ends of justice served by granting the parties' requested continuance outweigh the best interests of the public and the defendant in a speedy trial and that the time from the entry of this order through February 5, 2026, qualifies as excludable delay under § 3161(h)(7)(A). Specifically, the Court finds that failure to grant the continuance would deny the ability of the defendant, his attorney, and the government to continue pre-indictment negotiations.

Moreover, Defendant has consented to this adjournment, and the adjournment sought is limited. *See* Fed. R. Crim. P. 5.1(d) ("With the defendant's consent and upon a showing of good cause – taking into account the public interest in the prompt disposition of criminal cases – a magistrate judge may extend the time limits in Rule 5.1(c) one or more times.").

**IT IS THEREFORE ORDERED** that the time from January 5, 2026, to February 5, 2026, shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

2

**IT IS SO ORDERED.**

s/Kimberly G. Altman
Kimberly G. Altman
United States Magistrate Judge

Entered: December 31, 2025

3